IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00927-BNB

NORMAN RAY REED, JR.,

    Plaintiff,

v.

TOM CLEMENTS, in his professional and individual capacities,
JAMES FAULK, in his professional and individual capacities,
MIKE TIDWELL, in his professional and individual capacities,
EVE LITTLE, in her professional and individual capacities,
JOHN CHAPDELAINE, in his professional and individual capacities,
MICHELLE NYCZHALLIGAN, in her professional and individual capacities,
CAROL SOARS, in her professional and individual capacities, and
CHARLES HIGGINS, in his professional and individual capacities,

    Defendants.

ORDER TO DISMISS IN PART AND TO ASSIGN CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff, Norman Ray Reed, Jr., is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Colorado Territorial Correctional Facility in Canon City, Colorado.  Mr. Reed filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 on April 6, 2012.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

    Magistrate Judge Boyd N. Boland reviewed the Prisoner Complaint on May 10, 2012, and determined that it was deficient because it failed to comply with Rule 8 of the Federal Rules of Civil Procedure and also failed to allege the personal participation of each named Defendant.  Therefore, Magistrate Judge Boland directed Mr. Reed to file

an Amended Complaint within thirty days.  After receiving an extension of time, Mr. Reed filed an Amended Complaint on July 12, 2012.

The Court must construe the Amended Complaint liberally because Mr. Reed is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as a *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Amended Complaint because Mr. Reed is a prisoner and some of the Defendants are officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  See Neitzke v. Williams, 490 U.S. 319, 324 (1989).

Mr. Reed asserts seven claims in this action.  In general, he alleges that the named Defendants are retaliating against him for grievances and legal actions that he has filed.  As his first claim, he asserts that he informed Defendants Little and Tidwell that he had "custody issues" with other inmates at the Sterling Correctional Facility because he had been an informant against one of the inmates and because the step brother of a victim that Mr. Reed had sexually assaulted was incarcerated at the facility.  Amended Complaint at 6.  He alleges that Defendants Little and Tidwell informed him that little effort would be made to separate or protect him from these inmates, and they refused to place him in protective custody.  *Id.* at 6-8.  As his second claim, Mr. Reed asserts that Defendant Nyczhalligan directed Defendant Higgins to move Mr. Reed to a

unit where he would be housed with an inmate with whom he had a "known custody issue" in retaliation for grievances Mr. Reed had filed. *Id.* at 9-10. He alleges that when he refused to move to the unit, in fear for his life, Defendant Higgins assaulted him and placed him in a strip cell where he was deprived of clothes, bedding, and food. Mr. Reed's third claim is largely repetitive and a continuation of his second claim. He again asserts that Defendant Nyczhalligan directed Defendant Higgins to move him to a unit where he would be placed with inmates who had reason to harm him. He also asserts that Defendant Higgins stated that he would inform all of the "white boys" on the unit that Mr. Reed is a "sex offender and a snitch" and that Mr. Reed would get his "ass kicked" if he refused to move to the unit. *Id.* at 11-12. Fourth, Mr. Reed asserts that at a meeting with Defendants Nyczhalligan and Tidwell on April 22, 2011, Defendant Nyczhalligan told him that he would be housed in the "worst unit" with the "most dangerous inmates" because he refused to stop filing grievances and lawsuits against prison officials. *Id.* at 13-14. Fifth, Mr. Reed alleges that Defendants Higgins, Little, and Nyczhalligan had a meeting with an inmate who is a member of a prison gang where they told the inmate that Mr. Reed is a sex offender and an informant. *Id.* at 15. Mr. Reed alleges that after the meeting, two members of the prison gang came to his cell, physically assaulted him, and told him that he was required to "pay rent" in the form of ten stamps, or he would be sexually assaulted. *Id.* He asserts that the gang members continued to extort and assault him, and that the named Defendants refused to protect him. *Id.* at 15-16. Sixth, Mr. Reed alleges that he has written letters to Defendants Executive Director Tom Clements and Warden James Faulk but that these Defendants have refused to intervene in the situation. *Id.* at 17. Seventh, Mr. Reed asserts that

Warden Carol Soars placed him on a grievance restriction because she alleged that he had filed numerous frivolous grievances. *Id.* at 18. He further alleges that he filed grievances contesting the grievance restriction with Defendants Soars and Chapdelaine and that the Defendants refused to assist him. *Id.* at 19. Mr. Reed asserts that his First, Eighth, and Fourteenth Amendment rights have been violated, and he seeks damages in addition to declaratory relief.

As a preliminary matter, the Court notes that Mr. Reed is suing Defendants Executive Director Tom Clements and Warden James Faulk because these Defendants allegedly are responsible for the constitutional violations committed by other individuals or because these Defendants hold supervisory positions. Mr. Reed asserts that he notified Defendants Clements and Faulk of constitutional violations committed by defendants under their supervision by sending letters to them. However, these allegations fail to establish the personal participation of Defendants Clements and Faulk.

Mr. Reed was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of *respondeat superior*. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract

authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). Moreover, the Tenth Circuit has held that receiving correspondence from an inmate does not demonstrate the personal participation required to trigger personal liability under § 1983. *Davis v. Ark. Vally Corr. Facility*, 99 Fed. Appx. 838, 843 (10th Cir. May 20, 2004) (unpublished opinion) (holding that copying the warden on correspondence does not demonstrate the warden's personal participation in an alleged constitutional violation). Mr. Reed has failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Therefore, Defendants Tom Clements and James Faulk are improper parties to this action, and they will be dismissed. Claim Six, which is asserted exclusively against Defendants Clements and Faulk, will also be dismissed.

The Court also notes that in Claim Seven, Mr. Reed is suing Defendants Associate Warden John Chapdelaine and Associate Warden Carol Soars, in part, because they allegedly denied administrative grievances filed by Mr. Reed. *See* Amended Complaint at 18-20. However, these allegations fail to establish the personal participation of Defendants Chapdelaine and Soars. The Tenth Circuit has repeatedly noted "that 'the denial of . . . grievances alone is insufficient to establish personal participation in the alleged constitutional violations'" of other defendants. *Whitington v. Ortiz*, 307 Fed. Appx. 179, 193 (10th Cir. Jan. 13, 2009) (unpublished decision) (quoting *Larson v. Meek*, 240 Fed. Appx. 777, 780 (10th Cir. June 14, 2007) (unpublished decision)).

Also in Claim Seven, Mr. Reed asserts that his due process rights were violated

because Defendants Soars and Chapdelaine restricted his ability to file grievances. Amended Complaint at 18-20.  However, there is no independent constitutional right to use state administrative grievance procedures.  *See Boyd v. Werholtz*, No. 10-3284, 2011 WL 4537783, *1 (10th Cir. Oct. 3, 2011) (unpublished).  "Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process."  *See id.* (citing *Bingham v. Thomas,* 654 F.3d 1171, 1177 (11th Cir. 2011) (observing that inmates have no constitutionally-protected liberty interest in access to prison grievance procedure); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) (per curiam) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest . . . ." (quotation and brackets omitted)).  Rather "[w]hen the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."  *Boyd*, 2007 WL 4537783 at *1  (quoting *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir.1991) (per curiam) (internal quotation marks omitted).  Mr. Reed's alleged restriction from filing grievances does not state a right of access claim.  Claim Seven, therefore, will be dismissed as legally frivolous.  Because Mr. Reed fails to assert any non-frivolous claim demonstrating that Defendants Chapdelaine and Soars personally participated in violating his constitutional rights, Defendants Associate Warden John Chapdelaine and Associate Warden Carol Soars are improper parties to the action and will be dismissed.

The remainder of Mr. Reed's claims (One, Two, Three, Four, and Five) are not appropriate for summary dismissal and will be drawn to a district judge and a magistrate

judge.  Accordingly, it is

    ORDERED that Defendants Tom Clements, James Faulk, John Chapdelaine, and Carol Soars are dismissed as parties to this action for lack of personal participation. It is

    FURTHER ORDERED that Claims Six and Seven are dismissed for the reasons set forth above.  It is

    FURTHER ORDERED that this case shall be assigned to District Judge Marcia S. Krieger, pursuant to D.C.COLO.LCivR 40.1C.1., and to Magistrate Judge Michael E. Hegarty.

    DATED at Denver, Colorado, this  31st  day of     July        , 2012.

    BY THE COURT:

    s/Lewis T. Babcock
    LEWIS T. BABCOCK, Judge
    United States District Court