IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00927-MSK-MEH

NORMAN RAY REED, JR.,

    Plaintiff,

v.

MIKE TIDWELL, in his professional and individual capacities,
EVE LITTLE, in her professional and individual capacities,
CHARLES HIGGINS, in his professional and individual capacities, and
MICHELLE NYCZHALLIGAN, in her professional and individual capacities,

    Defendants.

---

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to comply with the payment requirements of 28 U.S.C. § 1915(B)(2), Plaintiff's failure to participate with Defendants in drafting a proposed scheduling order, and Plaintiff's failure to respond to the Court's April 3, 2013 Order to Show Cause. For the reasons that follow, the Court respectfully RECOMMENDS that this action be **DISMISSED WITHOUT PREJUDICE**, and that the Defendants' Motion to Dismiss for Failure to Comply with Local Rules and Court Orders and Abandonment of Claims [filed March 28, 2013; docket #42] be **DENIED AS MOOT**.

**I.**    **Background**

Plaintiff initiated this action on April 6, 2012. Counsel for Defendants and Plaintiff appeared before the Court on October 2, 2012, to discuss scheduling and related matters. During that time, the Court directed Plaintiff to participate with counsel for the Defendants in preparing a proposed

Scheduling Order. Plaintiff agreed to mail his contributions to Defendants' counsel no later than October 6, 2012.

On November 6, 2012, the Court received Defendants' Notice to the Court Regarding Proposed Scheduling Order ("Defendants' Notice"). (Docket #39.) Defendants' Notice represents that Defendants have not received anything in the mail from Plaintiff and have been unable to reach Plaintiff by telephone. On at least six separate dates, Defendants' counsel attempted to call Plaintiff at his telephone number of record to discuss the proposed scheduling order. Though there was no answer, counsel left a voicemail each time. On one occasion, counsel also left a message with a woman who claimed to be Plaintiff's mother. The woman indicated that she would inform Plaintiff of counsel's call. As of this date, Plaintiff has failed to return any of counsel's messages and has not otherwise contacted counsel in writing.

In a related action, Case No. 12-cv-01987-MSK-MEH, Plaintiff filed a Motion to Dismiss indicating his intent to "dismiss all litigation" on January 2, 2013. (*See* Case No. 12-cv-01987-MSK-MEH, docket #38) (emphasis in original). However, because Plaintiff did not refer to the instant action, no order of dismissal was entered in this case. Notably, Plaintiff's last filing was entered in this case on September 14, 2012. (Docket #31.)

On April 3, 2013, the Court issued an Order to Show Cause regarding Plaintiff's failure to comply with his payment obligations and failure to cooperate with Defendants in the prosecution of this case. (Docket #47.) With respect to Plaintiff's payment obligations, the Court ordered Plaintiff, by the 15th day of each month and without any further notice from or order of the Court, either to make the required monthly payment for each preceding month or to file a current certified copy of his inmate trust fund account statement for the preceding month demonstrating that he has

no assets and no means by which to make the monthly payment. The Court also ordered Plaintiff to show cause in writing no later than April 10, 2013, as to why he should not be sanctioned for failure to comply with the Court's orders and failure to prosecute this action. (*Id*. at 3.) The Court admonished Plaintiff that failure to comply with the order would result in a recommendation of dismissal without further notice. (*Id*.) A copy of the Order was mailed to Plaintiff at the address he provided to the Court, and the mailing has not been returned as undeliverable.

In an abundance of caution, the Court issued a second order on April 11, 2013, extending the response deadline through and including April 24, 2013. (Docket #48.) However, as of this date, Plaintiff has not responded to any of the Court's orders, nor has he tendered the appropriate payments or explained his failure to do so.

## II.     Discussion

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id.*; *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see also Hawkinson v. Montoya*, No. 07-1377, 2008 WL 2635573, at *2 n.2 (10th Cir. July 7, 2008) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)).

"Dismissal represents an extreme sanction appropriate only in cases of willful misconduct."

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citations omitted). "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'" *Ehrenhaus*, 965 F.2d at 920. Dismissal with prejudice should occur only where there has been a "clear record of delay or contumacious conduct by the plaintiff." *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988) (citation omitted).

When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

       1.      Prejudice to Defendant

Regarding the first factor, Plaintiff's failure respond to communications and failure to comply with court orders has adversely impacted Defendants in a number of ways. First, Defendants have expended considerable time and resources attempting to communicate with Plaintiff regarding the advancement of this litigation. Plaintiff's persistent silence inhibited Defendants from preparing a proposed scheduling order. As a result, Defendants have accumulated additional costs associated with notifying the Court of Plaintiff's delinquency in two separate filings. (Dockets ##39, 42.) Plaintiff's apparent abandonment of this action has also impeded Defendants from fully and promptly resolving the claims asserted against them in this lawsuit. On the whole, the Court finds that Defendants have been significantly prejudiced by Plaintiff's failure to prosecute this action with due diligence.

### 2. Interference With the Judicial Process

Plaintiff's failures in this regard have required the Court to review several filings documenting his delinquency and issue an Order to Show Cause. In this way, Plaintiff has increased the workload of the Court and interfered with the administration of justice. Plaintiff's non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority in satisfaction of the second factor, similar to the Tenth Circuit's determination in *Ehrenhaus*.

### 3. Culpability of the Litigant

In evaluating the third factor, the Court expressly ordered Plaintiff to comply with his *in forma pauperis* obligations [docket #4] and to respond to the Order to Show Cause [docket #47]. The record of Plaintiff's failure to respond to each of the Court's orders leads the Court to believe Plaintiff is culpable under these circumstances.

### 4. Adequacy of the Court's Admonition

With respect to the fourth factor, Plaintiff has received ample warning from both counsel and the Court regarding the potential for dismissal as a consequence for his dilatory prosecution of this case. (*See* dockets #42, 47.) Defendants filed a motion to dismiss for failure to prosecute on March 28, 2013, which put Plaintiff on notice that his prosecution of this action was, at minimum, objectionable. Further, the Court issued an Order to Show Cause expressly admonishing Plaintiff that failure to respond would result in dismissal without further notice. (Docket #47 at 3.) Thus, the fourth factor is satisfied.

### 5. Efficacy of Lesser Sanctions

In consideration of the fifth factor regarding efficacy of lesser sanctions, the Court

recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness); *see also Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) (stating, "We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by his failure to comply with the court orders instructing him to satisfy his *in forma pauperis* obligations, his failure to participate with Defendants in preparing a proposed Scheduling Order, and his failure to respond to this Court's Order to Show Cause or to properly request an extension of time to respond if he was unable to do so in a timely fashion. For these reasons, dismissal without prejudice of this action is warranted.

## III.   Conclusion

Based on the foregoing and the entire record herein, the Court respectfully RECOMMENDS that this action be **DISMISSED WITHOUT PREJUDICE**, and that the Defendants' Motion to Dismiss for Failure to Comply with Local Rules and Court Orders and Abandonment of Claims [filed March 28, 2013; docket #42] be **DENIED AS MOOT**

Dated and entered at Denver, Colorado, this 26th of April, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty

6

United States Magistrate Judge